# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Case: 1:16-cv-01328 (G Deck)<br>Assigned To : Unassigned<br>Assign. Date : 6/27/2016<br>Description: Habeas Corpus/2241 |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The application will be granted and the petition will be dismissed.

The petitioner alleges violations of constitutionally protected rights arising from the enhancement of his D.C. Superior Court sentence pursuant to the Armed Career Criminal Act.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct [his] sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991); *see Head v. United States*, 489 A.2d 450, 451 (D.C. 1985) ("Relief under § 23-110 is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal."). Such a motion must be filed in the Superior

Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

The petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. He has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986); *Johnson v. Matevousian*, No. CV 16-0757, 2016 WL 2930891, at *2 (D.D.C. May 19, 2016).

An Order accompanies this Memorandum Opinion.

DATE: 6/24/16

_____
United States District Judge